## LONG v. N. NIGRO & CO. (No. 7111.)

Court of Civil Appeals of Texas. Austin. May 4, 1927.

Rehearing Denied May 25, 1927.

Partnership ☞217(3)—In action on note claimed to be for goods furnished another firm, evidence held to show good consideration as to objecting partner.

In action against partnership on note, evidence *held* to show in support of judgment that note was sustained by consideration because given for goods received by firm of which all defendants were partners, as against claim that note was for produce purchased by concern in which one of defendants was not interested.

Error from Dallas County Court at Law; Paine L. Bush, Judge.

Action by N. Nigro, trading as N. Nigro & Co., against Jack Long and others, copartners, doing business as the Wheeler-Long Company. Judgment for plaintiff against

-defendants jointly and severally, and defendant Long brings error. Affirmed.

William H. Flippen and John T. Gano, both of Dallas, for plaintiff in error.

Fred J. Dudley and associates, of Dallas, for defendants in error.

BLAIR, J. The parties will be designated appellant and appellee. Appellee N. Nigro, trading as N. Nigro & Co., sued Wheeler-Long Company, a copartnership, and each of its members, W. E. Wheeler, appellant, Jack Long, and Frank Nigro, for an alleged balance of $465.53, and 10 per cent. interest due on a $500 note, dated September 29, 1920, payable to N. Nigro & Co. 30 days after date, and signed "Wheeler-Long Company, by W. E. Wheeler," and on a trial to the court without a jury recovered judgment against said firm and against each member thereof jointly and severally for the sum alleged to be due on the note.

Long alone appeals, contending that under the undisputed evidence the trial court should have sustained his sworn plea of want of consideration to the note; which plea is based upon an allegation that, although he was a member of the Wheeler-Long Company, of Wichita Falls, who signed the note, he was not a member of Wheeler-Long Company, of Vernon, Tex., or another company there in which only his partners Wheeler and Nigro were interested, who received the goods or produce for which the note was executed. We do not sustain the contention.

The evidence is undisputed that appellant's partners, Wheeler and Nigro, owned and operated a company in the name of Oil City Production Company, of Vernon, Tex., which was engaged as was the Wheeler-Long Company at Wichita Falls, in selling produce, such as bananas, apples, and commodities of like nature, but in which company appellant Long had no interest. There is, however, sufficient evidence to support the judgment that the goods or produce, for which the note was executed, were purchased by Wheeler-Long Company, of Wichita Falls, Tex., and that it received them. The testimony shows without material conflict that during the year 1920, and while appellant Long was a member of Wheeler-Long Company, of Wichita Falls, said company applied to appellee, N. Nigro & Co., for credit which was extended, and appellee shipped it at Wichita Falls goods and produce from time to time and of various amounts; that on September 29, 1920, the note in suit was executed at the request of J. O. Gill, appellee's credit manager, at which time Wheeler-Long Company owed appellee more than the face of the note, or more than $500, and that on the following day appellee's bookkeeper, Cumtston, credited Wheeler-Long Company's account with $500, with notation that payment was by note. From this point the evidence is conflicting. Gill testified:

"It is my statement that $500 note was given for the business at Wichita Falls. I know that, because it was sent in here with that request to apply it on that account, and the check was sent at the same time. My testimony is given from the records drawn up by Mr. Cumtston, and my memory is very distinct on that transaction, regardless of the record. I remember the details of this transaction in 1920, what goods were delivered to the Wheeler-Long Company, at Wichita Falls, and what goods were delivered to the Vernon Produce Company, at Vernon, Tex., that is the record. I know that from the records drawn by Mr. Cumtston; this particular transaction I have is an independent recollection of it. I do not remember every item of goods represented by this $500 note; it would be impossible; but I do know it was for goods delivered to the Wichita Falls business."

W. E. Wheeler testified that he executed the note at the request of Gill, but for goods or produce purchased by his Vernon Company, and shipped there. The evidence of Wheeler simply presents a sharp conflict with that of Gill on the only issue in the case, and Gill's evidence sufficiently established that the goods and merchandise, for which the note was given, were received by Wheeler-Long Company, of which appellant was a partner, and he is therefore personally liable on the note in suit, and the judgment of the trial court will be affirmed.

Affirmed.